JUDAH C. SEMONOFF *vs.* TOWN OF WEST WARWICK *et al.*

MAY 25, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This bill of interpleader was brought to determine which of the two respondents was entitled to certain funds in the hands of the complainant. It was heard in the superior court on an agreed statement of facts as alleged in the bill and answers, and thereafter a decree was entered awarding the funds to the respondent town of West Warwick, hereinafter called the town. From that decree the other respondent United States Finance Corporation, hereinafter called the mortgagee, has appealed to this court.

The facts alleged in the bill and answers are as follows. On May 31, 1946 the mortgagee loaned $50,000 to the Carwan Spinning Co., Inc. of West Warwick and received as security therefor a mortgage in that amount of certain personal property belonging to the mortgagor and situated in said town. Within five days of the date of the signing thereof, the mortgagee duly recorded such mortgage in the records of personal property mortgages in the office of the town clerk of that town. Thereafter the mortgagor defaulted on its covenant to pay principal and interest when due and the mortgagee, under the power of sale contained in the mortgage, advertised the property to be sold at public auction on December 11, 1948.

In the meantime on December 8, 1948 the town filed notice of distraint of the mortgaged property for delinquent taxes assessed thereon to the mortgagor for the years 1944, 1946, 1947 and 1948 in the sum of $2,647.26. On December 11, 1948 the town, in accordance with such notice, distrained and levied upon the property; but just prior to the sale, by agreement between the mortgagee and the town, sale thereof by foreclosure was had subject to the placing

in escrow of sufficient funds from the proceeds of the sale to cover the amount due to the town for delinquent taxes. After the sale complainant as the holder in escrow brought the instant bill to permit respondents to have their respective claims of priority to the proceeds adjudicated.

The question raised by the contentions of the respondents is whether the claim of a town for personal property taxes assessed against a mortgagor of such property has priority over the claim of the mortgagee where the town did not distrain the mortgaged property until after the mortgage was recorded and the mortgagor was in default thereunder.

The mortgagee contends that its mortgage constitutes a lien on the mortgaged property which has priority over personal property taxes in the absence of legislation making such taxes a lien on the property and giving them priority over other prior recorded liens. It urges that there is no such legislation in this state and that if the town acquired a lien by its distraint of the property it was postponed to the lien of the mortgage. In support of its position it cites *Bugbee* v. *Stoller-Hilgers Silk Mills, Inc.,* 45 R. I. 56. That case, it points out, held that taxes on personal property were not a lien on such property and that a claim therefor was subordinate to the claim of an attaching creditor. The mortgagee also argues that the legislature in effect confirmed the law as enunciated in that case when it enacted public laws 1946, chapter 1800, amending general laws 1938, chapter 32.

On the other hand the town contends that it was intended by that chapter as amended to make taxes assessed against the owner of personal property a lien on such property. It further argues that the *Bugbee* case is not in point, because the claim for taxes on the personal property involved therein was asserted without distraint thereof and after it had been attached and placed in the custody of a receiver. The town, moreover, urges that at common law the sovereign had an inherent right to the payment of

debts owing to it prior to those of its subjects unless a different rule of priority was prescribed by statute. On substantially those grounds it insisted that the decree of the superior court in the case at bar could be supported and therefore it should be affirmed.

After carefully considering the conflicting contentions of the respondents we are of the opinion that the appeal of the respondent mortgagee must be sustained and the decree in favor of the respondent town reversed. While it is true that the sovereign has the power to make all taxes a prior lien on all the property of the taxpayer over any other liens regardless of the fact that such liens may have attached prior to the time such taxes were assessed, it is nevertheless a general rule that taxes will not be considered as a lien on property unless expressly or by plain implication made so by statute. 3 Cooley on Taxation, §1230. And in *Third Avenue Building & Loan Ass'n* v. *Prothero,* 124 N.J.Eq. 193, 196, the power of the legislature to vest tax liens with precedence over prior mortgage liens was expressly recognized but the court also said that "all of the cases hold that the tax lien created by the statute will not be given precedence over prior mortgages unless such a legislative purpose is clearly manifested by the terms of the act." Our statute neither makes personal property taxes a lien on such property nor does it provide for any special priority if a lien is otherwise established.

The respondent town is mistaken in assuming that G. L. 1938, chap. 32, as amended by P. L. 1946, chap. 1800, sec. 22, authorizes such a lien. What that section actually provides is that "Taxes assessed against any person in any town for either personal property or real estate shall constitute a lien on said *real estate.*" As will be seen by the words which we have italicized the lien is solely on the taxpayer's real estate. No lien is imposed on his personal property. As was said in the *Bugbee* case, *supra,* at page 60: "Had it been the intention to subject personal property to a lien for taxes immediately upon the assess-

ment or at any time before distraint or levy we think the legislature would have specifically so provided."

The town, however, argues that in the case at bar it distrained the personal property in question before the day of the foreclosure sale; and it points out that the city failed to distrain the property involved in the *Bugbee* case. It appears to contend that it thereby acquired a lien which related back to the day of the assessment of the taxes and was superior to the lien of the mortgagee. The above-quoted language from the *Bugbee* case is a sufficient answer to such contention. The statute relied on by the town, P. L. 1946, chap. 1800, does not manifest any intention that such a lien is to be deemed to relate back to the assessment of the personal property as it clearly does in the case of the lien which is imposed upon the real estate. Referring to the latter, sec. 22 of that chapter provides: "Said lien shall arise and attach as of the date of assessment of such taxes, as defined in section 1 of chapter 31."

The town relies further, however, on G. L. 1938, chap. 36, §3, which provides: "Whenever any person shall become insolvent, or die insolvent, town taxes due from him or his estate shall have preference, after debts or taxes due the United States and this state, over all other debts or demands, save those due for necessary funeral charges, and for attendance and medicine during his last sickness." It argues that this language should be construed as giving a claim for taxes preference over all other claims even though such claims are based upon prior recorded valid liens. That is a mistaken construction. Such section was not intended to confer priority on tax claims, but refers to the preferred payment of such claims after prior valid liens have been satisfied. The distinction between a creditor's preference to be paid in full out of the general assets of a debtor before other creditors and a valid prior lien was clearly pointed out in the *Bugbee* case.

Since there is nothing in the statute which provides that a distraint of itself shall be a prior lien over a previously

recorded valid mortgage, the town's claim for taxes here acquires no superior right from the mere fact that there was a distraint of the mortgaged property before sale. If the taking of such action by the town is to be deemed a lien on that property and entitled to priority over all other liens previously established, the legislature should so provide. It is not within the province of this court to do so by judicial fiat.

The respondent mortgagee's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court with direction to enter a new decree in accordance with this opinion.

*Semonoff & Semonoff,* for respondent United States Finance Corporation.

*Michael DeCiantis,* Solicitor for Town of West Warwick, for respondent town.